**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**

---

**CALVIN GOFF,**

                **Plaintiff,**

  v.                                              8:06-CV-337
                                                    (GLS/DRH)

**COMMISSIONER OF SOCIAL
SECURITY,**

                **Defendant.**

---

**APPEARANCES:**                          **OF COUNSEL:**

**FOR THE PLAINTIFF:**

Calvin Goff
*Pro Se*
P.O. Box 784
Lake Placid, New York 12946

**FOR THE DEFENDANT:**

Social Security Administration        KIMBERLY L. SCHIRO
Office of regional General Counsel   Assistant U.S. Attorney
Region II
26 Federal Plaza - Room 3904
New York, NY 10278

**Gary L. Sharpe
U.S. District Judge**

## **MEMORANDUM-DECISION AND ORDER**

### **I. Introduction**

Calvin Goff ("Goff") challenges the Commissioner of Social Security's determination denying him disability benefits for the period of January 22, 2004 through February 16, 2005. Pursuant to 42 U.S.C. § 405(g), Goff seeks judicial review of the Commissioner's determination. Having reviewed the administrative record, the court now affirms the Commissioner's final decision.

### **II. Procedural History**

Goff applied for Social Security Disability Insurance Benefits on August 25, 2003, claiming he had been disabled since November 26, 2002 due to an injury he sustained to his right foot in an automobile accident. *See* (Tr. 42 and 44).[1] After a hearing on April 29, 2005, Administrative Law Judge ("ALJ") Joseph F. Gibbons determined Goff was disabled as defined by the Social Security Act ("the Act") for the limited period of November 26, 2002 through January 21, 2004. *See* (Tr. 48). However, the ALJ determined Goff had a medical improvement on January 21, 2004, and

---

[1] "(Tr. )" refers to the page of the Administrative Transcript in this case.

2

was no longer disabled. *Id.* On January 12, 2006, the ALJ's decision became the Commissioner's final decision when the Appeals Council denied Goff's request for review. *See* (Tr. 4).[2] Goff now seeks judicial review of the Commissioner's decision.

## III. Contentions

Goff, who on this appeal proceeds *pro se*, filed no formal brief, but filed a letter which the court has liberally construed as his contentions on appeal. (*See* Dkt. No. 10.) In his letter, Goff contends the ALJ erred in his April 29, 2005 decision denying him disability benefits after January 21, 2004. The Commissioner counters, arguing substantial evidence supports the ALJ's decision.

## IV. Facts

The evidence in this case is not in dispute, and the court incorporates the parties' factual recitations and the facts contained in the ALJ's decision. (*See* Def's Br.pp. 5-6; Dkt. No. 10) and (Tr. 43-47).

---

[2]The record indicates Goff later filed another application for disability benefits and was approved for benefits beginning March 2005. (Tr. 23.) The record indicates it was determined Goff was disabled as of February 17, 2005, when he reached age fifty. (Tr. 24.) Social Security Regulations set forth an occupational grid for sedentary work that requires a disability finding for individuals who reach age fifty and have only a high school education without transferable work skills. *See* 20 C.F.R. Part 404, Subpart P., App. 2 Table No. 1, Rule 201.14.

3

## V. Discussion

### A. Standard and Scope of Review

"In reviewing a final decision of the Commissioner, a district court must determine whether the correct legal standards were applied and whether substantial evidence supports the decision." *See Butts v. Barnhart,* 388 F.3d 377, 384 (2d Cir. 2004) (citation omitted). The district court, however, examining the ALJ's decision, does not make a disability determination de novo. *See Curry v. Apfel,* 209 F.3d 117, 122 (2d Cir. 2000) (citation omitted). Although the Commissioner is ultimately responsible for determining a claimant's eligibility, the actual disability determination is made by an ALJ and that decision is subject to judicial review on appeal. *See* 42 U.S.C. § 405(g). A court may not affirm an ALJ's decision if it reasonably doubts whether the proper legal standards were applied, even if it appears to be supported by substantial evidence. *See Johnson v. Bowen,* 817 F.2d 983, 986 (2d Cir. 1987).

A court's factual review of the Commissioner's "findings is limited to assessing whether substantial evidence in the record supports those findings." *See Rivera v. Sullivan*, 923 F.2d 964, 967 (2d Cir. 1991) (citations omitted). "Substantial evidence has been defined as 'such

relevant evidence as a reasonable mind might accept as adequate to support a conclusion[.]'" *Williams ex rel. Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988) (citations omitted). It must be "more than a mere scintilla" of evidence scattered throughout the administrative record. *Id*. "To determine on appeal whether an ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining the evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." *Id*. However, a reviewing court cannot substitute its interpretation of the administrative record for that of the Commissioner if the record contains substantial support for the ALJ's decision. *See Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

The court has authority to reverse with or without remand. *See* 42 U.S.C. § 405(g). Remand is appropriate where there are gaps in the record or further development of the evidence is needed. *See Butts,* 388 F.3d at 385 (citing *Rosa v. Callahan,* 168 F.3d 72, 82-83 (2d Cir. 1999). Reversal is appropriate, however, "when the record provides persuasive proof of disability and a remand for further evidentiary proceedings would serve no purpose." *Parker v. Harris*, 626 F.2d 225, 235 (2d Cir. 1980)

5

(citation omitted)

## B.  **Five-Step Disability Determination**

A claimant seeking disability benefits is disabled under the Act if he establishes an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]"  42 U.S.C. § 423(d)(1)(A).[3]

The Commissioner uses a five-step process for determining whether a claimant is disabled.  *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The Second Circuit explained this process declaring that,

> [i]n essence, if the commissioner determines (1) that the claimant is not working, (2) that he has a 'severe impairment,' (3) that the impairment is not one [listed in Appendix 1 of the regulations ] that conclusively requires a determination of

---

[3]In addition, a claimant's

> physical or mental impairment or impairments [must be] of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.

42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).  Therefore, a plaintiff must not only carry a medically determinable impairment but an impairment so severe as to prevent him from engaging in any kind of substantial gainful work which exists in the national economy.

6

>  disability, and (4) that the claimant is not capable of continuing in his prior type of work, the Commissioner must find him disabled if (5) there is not another type of work the claimant can do.

*See Green-Younger v. Barnhart,* 335 F.3d 99, 106 (2d Cir 2003) (citations omitted). "The claimant bears the burden of proof on the first four steps, while the [Commissioner] bears the burden on the last step." *Id.* In making this showing, the ALJ must consider the claimant's Residual Functional Capacity ("RFC"), age, education, and prior work experience. *See Butts*, 388 F.3d at 381 (citing 20 C.F.R. § 404.1560).

In this case, the ALJ found Goff satisfied step one because he had not worked since his alleged onset date. *See* (Tr. 42). For step two, the ALJ determined Goff had "severe" "musculoskeletal impairment." *See* (Tr. 43). For step three, the ALJ determined Goff's impairment failed to equal an impairment or combination of impairments listed in, or medically equal to, one listed in Appendix 1, Subpart P to Regulations No. 4. *Id.* For step four, the ALJ determined that, "between November 26, 2002 and January 21, 2004," Goff could not perform his past prior type of work and Goff "was limited to performing less than a full range of sedentary work activity." *Id.* However, the ALJ determined that as of January 21, 2004, Goff's medical

7

condition improved.  *See* (Tr. 46).  Based on this determination, at step five, the ALJ indicated that, as of January 21, 2004, Goff, who was forty-eight years old, "was capable of performing a full range of sedentary work." *See* (Tr. 47).  Consequently, the ALJ determined Goff was not disabled after January 21, 2004.  *Id.*  The parties' dispute is whether this determination is supported by substantial evidence.

**C.    Analysis**

As noted above, the ALJ engaged in the five-step process in determining whether or not Goff was disabled.  Based on this process, the ALJ determined that from November 26, 2002 through January 21, 2004, Goff "was limited to performing less than a full range of sedentary work activity," but not thereafter.  The ALJ specifically determined that as of January 21, 2004, Goff's medical condition improved and he "was capable of performing a full range of sedentary work."  *See* (Tr. 47).

In concluding Goff was able to perform sedentary work, the ALJ took into consideration evidence indicating Goff underwent three surgical procedures to attempt to correct the right foot injury he sustained in an automobile accident.  The ALJ specifically noted Goff underwent surgery on November 27, 2002, December 5, 2002, and October 16, 2003.  *See*

8

(Tr. 44).

The ALJ noted that, on January 21, 2004, Dr. Kristiansen, Goff's treating physician, stated that "both the fracture of [Goff's] ankle and his foot healed." *See* (Tr. 158). With respect to Goff's final surgery, Dr. Kristiansen stated "some of the screws from [Goff's] ankle which were very bothersome" had been removed and the surgical removal procedure was "uneventful." *Id.* Dr. Kristiansen indicated Goff's pain in his right foot precludes him from "prolonged standing and walking," but "[b]oth the fracture of his ankle and his Lisfranc fracture have reached an end point of medical treatment at this time. We anticipate no further surgery." *Id.* Dr. Kristiansen indicated the "[p]lan is for him to continue to gradually try to increase his activity according to discomfort and to help him hopefully get retrained for some other job . . . [but] [i]t will be impossible for him to return to the type of work he was doing formally in a supermarket." *See* (Tr. 205). Later in another evaluation, Dr. Kristiansen stated Goff had "reasonably good motion of his ankle." *See* (Tr. 213). The ALJ further noted the absence in the record of medical evidence that Goff was ever treated by a psychologist or psychiatrist, despite Goff's complaints that he sometimes feels depressed. *See* (Tr. 43).

9

The ALJ further considered Goff's testimony indicating he receives assistance with grocery shopping and household chores, as well as Goff's testimony that he has trouble sitting for a long period because his foot swells and he needs to elevate it, he has difficulty lifting more than five pounds, his daughter helps him tie his shoes, he uses a cane for walking (but left it in the car the day of the hearing), he takes only over-the-counter medication, and he has difficulty driving if his foot is down too long.  *See* (Tr. 44-45).  However, the ALJ also took into consideration evidence indicating Goff no longer required the use of crutches or a cane.[4]  *See* (Tr. 104-05).  The ALJ noted the record, prior to the hearing, did not indicate Goff had any difficulty sitting for prolonged periods.  *See* (Tr. 45, 105, and 108).  Furthermore, the record indicates Goff reported, in a Report of Contact dated January 6, 2004, that he could stand and walk for three hours at a time and that he was not taking any narcotics for his pain.  *See* (Tr. 108, 113, and 211).  Because of inconsistencies between Goff's testimony and the evidence in the record, the ALJ concluded Goff's testimony was only somewhat credible.  *See* (Tr. 45).

---

[4]This evaluation also states Goff takes his daughters out to the movies or dinner two to three times per week.

Based on these considerations and the fact that Goff had only a high-school education, worked as an assistant manager of a grocery store, did not have any special management training, and had no other job experience, the ALJ concluded Goff could not perform his past relevant work. However, the ALJ determined Goff had regained the capacity to perform a full range of sedentary work activity as of January 21, 2004. See (Tr. 48).

In light of the evidence in the record, the court finds that the ALJ's determination that no significant limitations exist preventing Goff from performing sedentary work for the period in question is supported by substantial evidence.[5]

## VI. Conclusion

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED,** that the decision denying benefits is **AFFIRMED**; and it is further

---

[5]"Sedentary work is defined by the Social Security Administration as: work [that] involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally . . ." *See Butts,* 388 F.3d at 382 n.2 (citation omitted).

11

**ORDERED,** that the Clerk of the Court provide a copy of this Order to the parties.

**IT IS SO ORDERED.**

Albany, New York
Dated: November 21, 2008

Gary L. Sharpe
U.S. District Judge